IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHELLE MELLEMA, | | |
| Plaintiff, | No. 2:12-cv-2525 GEB KJN PS | |
| vs. | | |
| WASHOE COUNTY DISTRICT ATTORNEY, | | |
| Defendant. | FINDINGS AND RECOMMENDATIONS | |
| _____/ | | |

Plaintiff Michelle Mellema, proceeding in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Here, plaintiff's claims appear to arise from a child custody dispute and defendant Washoe County District Attorney's efforts to enforce a child support payment order by the Washoe County Second Judicial Court in Reno, Nevada. (See Dkt. No. 1.) Plaintiff in conclusory fashion alleges that the Washoe County Second Judicial Court denied her due process under the Fourteenth Amendment, and that the defendant insists on pursuing the child support payments despite her "several attempts to correct it." (Dkt. No. 1 at 2.) In a letter attached to the complaint, plaintiff states that she was granted immunity by "Washington D.C. and then the

1 World Court" to protect her as a whistleblower against the State of Nevada, which allegedly
2 constantly uses its agencies and "federal contacts" to target her. (Dkt. No. 1 at 6.) She claims
3 that an individual named Greg Mellema took the minor child out of Nevada without her
4 permission during the custody dispute, and that the State of Nevada is using the minor child,
5 Washoe County, the Reno family court, and Greg Mellema to "persecute" her for
6 whistleblowing. (Id.) Plaintiff appears to assert a claim for violation of her constitutional rights
7 under 42 U.S.C. § 1983 and requests that the debt and family court order be completely
8 cancelled, the debt be corrected on her credit report, and that defendant be ordered to "clear up"
9 the case with "Sacramento, CA." (Dkt. No. 1 at 2.)[2] Furthermore, plaintiff requests that
10 defendant be required to pay her $1,000,000.00 for pain and suffering. (Id.)

As an initial matter, defendant Washoe County District Attorney is absolutely immune from damages claims relating to the enforcement of child support orders, which amounts to the performance of prosecutorial and quasi-judicial functions. See Fockaert v. Cnty. of Humboldt, 1999 WL 30537, at *6 (N.D. Cal. Jan. 15, 1999) (citing Meyers v. Contra Costa Cnty. Dep't of Soc. Servs., 812 F.2d 1154, 1156-59 (9th Cir. 1987); see also Taylor v. Garcetti, 55 Fed. App'x 853, 854-55 (9th Cir. 2003) (unpublished); Cash v. Los Angeles Cnty. Dist. Attorney, 50 F.3d 13 (9th Cir. 1995) (unpublished).

Furthermore, to the extent that plaintiff requests injunctive relief, i.e., that the family court order and child support owed be cancelled, that relief is barred by the Rooker-Feldman doctrine. "'The *Rooker-Feldman* doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments.'" AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1153 (9th Cir. 2007) (citing Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007)). "Essentially, the doctrine bars 'state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

---

[2] Although the custody dispute and related proceedings appear to have occurred in Nevada, plaintiff currently resides in Sacramento, California. (See Dkt. No. 1.)

1   commenced' from asking district courts to review and reject those judgments." Henrichs, 474
2   F.3d at 613 (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284
3   (2005)); accord Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008).
4      The Rooker-Feldman doctrine may also apply, however, where the parties do not
5   directly contest the merits of a state court decision, but file an action that constitutes a "de facto"
6   appeal from a state court judgment. Reusser, 525 F.3d at 859. Such a de facto appeal exists
7   where "claims raised in the federal court action are 'inextricably intertwined' with the state
8   court's decision such that the adjudication of the federal claims would undercut the state ruling
9   or require the district court to interpret the application of state laws or procedural rules." Id.
10  (citation omitted). "Once a federal plaintiff seeks to bring a forbidden de facto appeal . . . , that
11  federal plaintiff may not seek to litigate an issue that is "inextricably intertwined" with the state
12  court judicial decision from which the forbidden de facto appeal is brought." Noel v. Hall, 341
13  F.3d 1148, 1158 (9th Cir. 2003). In this case, plaintiff's request that this court "cancel" the
14  family court order and child support debt owed plainly amounts to a forbidden de facto appeal of
15  the state court's order directing plaintiff to pay child support.
16     Therefore, for the reasons discussed above, plaintiff's complaint is subject to
17  dismissal. Although the court would ordinarily grant a pro se plaintiff leave to amend, it does not
18  appear that the above-mentioned defects can be cured by more detailed factual allegations or
19  revision of plaintiff's claims. Accordingly, leave to amend would be futile and the action should
20  be dismissed with prejudice. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir.
21  1996).
22     Moreover, in addition to plaintiff's meritless claims in this case, plaintiff is a
23  frequent filer, having in the last four years filed approximately 34 cases in the District of Nevada,
24  14 cases in the Central District of California, and 13 cases in the District of Arizona; several of
25  which were against various state agencies, state bar associations, cities, counties, courts, the FBI,
26  the U.S. Army, the Social Security Administration, Chief Judge Alex Kozinski, etc., and the vast

1  majority of which were dismissed.  See http://www.pacer.gov.  Indeed, plaintiff's complaint in
2  this case makes reference to, and directs the court's attention to, "the federal court dockets" in
3  other districts.  (Dkt. No. 1 at 1-2.)  Because it appears that plaintiff is engaging in a pattern of
4  filing frivolous lawsuits in the federal courts, the undersigned also recommends that plaintiff's
5  request to proceed in forma pauperis be denied.

　　　　For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

　　　　1. Plaintiff's request to proceed in forma pauperis (dkt. no. 2) be DENIED;

　　　　2. The action be DISMISSED WITH PREJUDICE; and

　　　　3. The case be closed.

　　　　These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

　　　　IT IS SO RECOMMENDED.

DATED: October 23, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE